## ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL DE APELACIONES
## PANEL X

| | | |
|---|---|---|
| ROLANDO VÁZQUEZ Y/O HÉCTOR L. TORRES<br>RECURRIDO<br><br>v.<br><br>CONSEJO DE TITULARES Y/O JUNTA DE DIRECTORES DEL CONDOMINIO LOS CORALES; RAMÓN TORRES NEGRÓN T/C/C RAYMOND TORRES NEGRÓN<br>RECURRENTE | TA2025RA00308 | Revisión Administrativa procedente del Departamento de Asuntos al Consumidor<br><br>Querella Núm. C-SAN-2024-0021843<br><br>Sobre: Ley Núm. 129 de 16 de agosto de 2020, Ley de Condominios de Puerto Rico. |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda de Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 11 de diciembre de 2025.

Comparece el Consejo de Titulares del Condominio Los Corales por sí y en representación de su Junta de Directores (en adelante, la parte querellada o recurrente) mediante un *Recurso de Revisión* y nos solicita que revisemos la *Resolución Sumaria* dictada y notificada el 24 de septiembre de 2025. Allí, el Departamento de Asuntos del Consumidor (en adelante, DACo) declaró parcialmente Con Lugar la *Querella* y ordenó a la parte recurrente poner a la disposición y entregar a la parte querellada la documentación solicitada.

Por los fundamentos que exponemos a continuación, se confirma el dictamen recurrido.

### I.

El 12 de mayo de 2025, Rolando Vázquez Cabrera y Héctor L. Torres Montañez (en adelante, la parte querellante o recurrida), como titulares de un apartamento del Condominio Los Corales, solicitaron por correo electrónico a la Junta de Directores y al Administrador del Condominio Los Corales, el Sr. Raymond Torres

Negrón, que les fueran entregados varios documentos administrativos, al amparo de las disposiciones de la Ley de Condominios de Puerto Rico, Ley Núm. 129-2020, según enmendada, 31 LPRA sec. 1921 *et seq.* (en adelante, Ley de Condominios) y su Reglamento. Ante la alegada falta de cumplimiento en el término reglamentario, el 27 de mayo de 2025, los querellantes presentaron la *Querella* C-SAN-2025-0021843 ante el DACo, solicitando que se revocara la licencia del administrador por "recurrentes malas prácticas" al denegar documentos solicitados bajo derecho titular.[1]

El 12 de septiembre de 2025, DACo emitió una *Orden para Mostrar Causa* solicitando a la parte querellada que indicara las razones por las cuales debían declarar No Ha Lugar la *Querella* presentada.[2] A esos efectos, la parte querellada compareció mediante *Moción para Mostrar Causa* en la que argumentó que la solicitud de los querellantes iba dirigida a que se les entregara copia digital de los documentos más no a revisarlos, que es lo que les permite la Ley de Condominios y su Reglamento.[3] Sostienen haber permitido la revisión de los documentos y haber informado el costo de su reproducción. Además, señalaron que, con relación al contrato del abogado del Administrador del Condominio, que estaba entre los documentos solicitados, la parte querellante no tenía derecho a revisarlo ni a tener copia de este por tratarse de un documento privado.

Así las cosas, el 24 de septiembre de 2025 DACo dictó una *Resolución Sumaria* mediante la cual declaró parcialmente Ha Lugar la *Querella* y ordenó la entrega de los documentos solicitados, salvo el contrato del abogado personal del Administrador.[4] En específico, la agencia ordenó la entrega de los siguientes documentos:

---

[1] Apéndice 1 del *Recurso de Revisión.*
[2] Apéndice 3 del *Recurso de Revisión.*
[3] Apéndice 4 del *Recurso de Revisión.*
[4] Apéndice 2 del *Recurso de Revisión.*

1. Copia del contrato vigente del abogado del Consejo de Titulares y Junta de Directores del Condominio Los Corales.

2. Copias de los estados de cuentas de la cuenta operacional, reserva y cuenta del CD en el Firstbank y cuentas en el Banco Popular de los años 2020 al presente.

3. Copia del contrato del Lcdo. Manuel Díaz Rivera.

4. Copia de las pólizas de seguro del administrador Raymond Torres Negrón desde el año 2020 al 2025.

5. Copias del informe del *aging* de gastos legales desde el año 2022 al presente, incluyendo los litigios, cantidades exactas y cheques cancelados por cada caso, querella; pagos en representación legal alegados por el administrador, de cada caso o querella por separada y de manera detallada.

Inconforme, el 24 de octubre de 2025, la parte recurrente presentó el recurso de epígrafe y planteó el siguiente error:

**ERROR ÚNICO: ERRÓ EL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR AL ORDENAR LA ENTREGA DE DICHOS DOCUMENTOS POR SER CONTRARIO AL ARTÍCULO 55 (F) [DE] LA LEY DE CONDOMINIOS Y CARECER DE JURISDICCIÓN AL AMPARO DEL ARTÍCULO 65 DE DICHA LEY.**

En síntesis, alegan que DACo erró al ordenar la entrega de documentos cuando el Artículo 55(f) sólo autoriza su revisión, y sostienen además que la agencia carecía de jurisdicción al amparo del Artículo 65 de la Ley de Condominios para adjudicar una solicitud dirigida a obtener copia o entrega digital de documentos.

Por su parte, los recurridos, por derecho propio, presentaron su *Alegato de Oposición al Recurso de Revisión* el 10 de noviembre de 2025, defendiendo la actuación de la agencia y argumentando que la orden emitida se ajusta tanto a la Ley de Condominios como a su Reglamento.

Con el beneficio de ambos escritos, procedemos a resolver.

## II.

### A. Revisión Judicial

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA sec. 9601 *et seq.*, establece el marco normativo

que rige la revisión judicial de las decisiones emitidas por las agencias administrativas. *Otero Rivera v. Bella Retail Group, Inc.,* 214 DPR 473, 484 (2024). Al revisar las determinaciones administrativas, este foro apelativo está obligado a conceder deferencia a las decisiones de las agencias en vista de que estas poseen la experiencia y el conocimiento especializado respecto a los asuntos que les han sido delegados. *Katiria´s Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, 215 DPR ___ (2025), citando a *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR,* 196 DPR 606, 626 (2016); *Pagán Santiago et al. v. ASR,* 185 DPR 341, 358 (2012).

En virtud de lo anterior, se ha considerado la razonabilidad de la actuación cuestionada como criterio rector al revisar el proceder de la agencia recurrida. *Katiria´s Café, Inc. v. Municipio Autónomo de San Juan, supra.* Así pues, debemos evaluar que no se haya actuado de manera arbitraria o ilegal, o de forma tan irrazonable que constituya un abuso de discreción. *Torres Rivera v. Policía de PR, supra.* Por consiguiente, no puede otorgárseles un "sello de corrección automático bajo el pretexto de deferencia a aquellas determinaciones o interpretaciones administrativas que son irrazonables, ilegales o contrarias a Derecho". *Capote Rivera v. Voilí Voilá Corp.,* 213 DPR 743, 754 (2024). Es decir, si bien debemos concederles una amplia deferencia a las determinaciones de las agencias administrativas, dicha norma no es absoluta. *Capote Rivera v. Voilí Voilá Corp., supra,* 754.

A tenor, la deferencia cede cuando: "(1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación o interpretación de las leyes o los reglamentos; (3) ha mediado una actuación arbitraria, irrazonable o ilegal, o (4) la actuación administrativa lesiona derechos constitucionales fundamentales". *Capote Rivera v. Voilí Voilá Corp.,*

*supra*, citando a *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021).

En este sentido, existen tres aspectos que delimitan el alcance de la revisión judicial de las decisiones administrativas: "(1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si, mediante una revisión completa y absoluta, **las conclusiones de derecho del ente administrativo fueron correctas**". *Rolón Martínez v. Supte. Policía, supra*, pág. 36, citando a *Pagán Santiago et al., supra.* (Énfasis nuestro).

Recientemente, nuestro más Alto Foro reiteró que **"al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. No guiados por la deferencia automática [...]"**. *Vázquez et al. v. DACo*, 2025 TSPR 56, 216 DPR __ (2025) (Énfasis nuestro).

**B. Jurisdicción del DACo en virtud de la Ley de Condominios**

La jurisdicción es el poder o autoridad que tiene un tribunal o una agencia para considerar y decidir los casos y las controversias ante su consideración. *JJJ Adventure v. Consejo de Titulares*, 2025 TSPR 123, 216 DPR __ (2025); *Vázquez et al. v. DACo, supra*; *Beltrán Cintrón v. Estado Libre Asociado de PR*, 204 DPR 89, 101 (2020). Para analizar la jurisdicción que posee una agencia administrativa respecto a un asunto particular, es necesario examinar el poder que la Asamblea Legislativa —a través de su ley habilitadora— le delegó para reglamentar o adjudicar los derechos y obligaciones de quienes están bajo su dirección. *JJJ Adventure v. Consejo de Titulares, supra*; *Ayala Hernández v. Consejo Titulares*, 190 DPR 547, 559 (2014); D. Fernández Quiñones, *Derecho administrativo y ley de*

*procedimiento administrativo uniforme,* Colombia, Forum, 2013, págs. 35-36.

Lo anterior responde al principio de que las agencias administrativas solamente pueden ejercer los poderes que su ley habilitadora expresamente les ha otorgado y aquellos que sean indispensables para llevar a cabo su encomienda primordial. *Col. Médicos et als. v. Com. Seguros et al.,* 201 DPR 362, 372 (2018), citando a *Depto. Justicia et al. v. Jiménez et al.,* 199 DPR 293, 309 (2017), *DACo v. AFSCME,* 185 DPR 1, 12 (2012), *Raimundi v. Productora,* 162 DPR 215, 224 (2004). A tales efectos, corresponde examinar el marco normativo que delimita la autoridad conferida al DACo en virtud de la Ley de Condominios.

La Asamblea Legislativa de Puerto Rico promulgó la Ley de Condominios con el fin de actualizar las normas que rigen la convivencia en los condominios sometidos al régimen de propiedad horizontal. Exposición de Motivos Ley Núm. 129-2020, *supra.* Dicho estatuto le confirió jurisdicción primaria y exclusiva al Departamento de Asuntos del Consumidor (DACo) para adjudicar las querellas presentadas por los titulares de apartamentos en condominios con al menos un apartamento destinado a vivienda. Artículo 65 de la Ley de Condominios, 31 LPRA sec. 1923j; *Ayala Hernández v. Consejo Titulares,* 190 DPR 547, 563 (2014).

En específico, la ley permite que DACo atienda controversias relacionadas a las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares, en casos en que dichas actuaciones: **(1) sean contrarias a la Ley de Condominios, la escritura matriz y reglamento del condominio**; (2) resulten gravemente perjudiciales a los intereses de la comunidad o a un titular; o (3) resulten gravemente perjudiciales para algún titular que

no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra. 31 LPRA sec. 1923j. (Énfasis nuestro).

A esos efectos, DACo creó una División Especial de Adjudicación de Querellas de Condominios en los que exista por lo menos un apartamento dedicado a vivienda. Artículo 66 de la Ley de Condominios, 31 LPRA sec. 1923k. Además, en armonía con el referido estatuto, DACo adoptó el Reglamento de Condominios, Reglamento Núm. 9386 de 6 de junio de 2022 (en adelante, Reglamento Núm. 9386) para, entre otras cosas, regular la adjudicación de las querellas presentadas ante la División Especial relacionadas a la Ley de Condominios.

La Regla 2 del citado Reglamento dispone que se aplicará a:

> [L]os apartamentos destinados a vivienda, así como a los destinados a vivienda y comercio que sean parte de un mismo proyecto. Aplicará también a las impugnaciones y acciones presentadas por los titulares de apartamentos en condominios en los que exista por lo menos un apartamento dedicado a vivienda, contra los acuerdos del Consejo de Titulares y las determinaciones, acciones u omisiones del Director, Junta de Directores, Administrador Interino, Síndico y Agente Administrador.

Por su parte, la Regla 23 reitera la jurisdicción de DACo en las mismas circunstancias expuestas en el Artículo 65 de la Ley de Condominios, 31 LPRA sec. 1923j, antes mencionadas.

## C. Inspección de documentos bajo la Ley de Condominios

La Junta de Directores es el órgano ejecutivo que dirige y supervisa la gestión administrativa del edificio de acuerdo a las directrices contenidas en la escritura, en el Reglamento y en los acuerdos del Consejo de Titulares. M. J. Godreau, *El condominio: el régimen de propiedad horizontal en Puerto Rico,* 3ª ed., San Juan, PR, Ediciones SITUM, 2023, pág. 235. La responsabilidad fundamental de la Junta de Directores es velar por el buen funcionamiento de los condominios logrando que se ejecuten las disposiciones de la ley, de la Escritura Matriz, del Reglamento del Condominio, así como los acuerdos que se hayan aprobado en

reuniones debidamente convocadas por el Consejo de Titulares. *Consejo de Titulares* v. *Gómez Estremera et al.*, 184 DPR 407, 418 (2012).

En ese sentido, la Ley de Condominios establece que uno de los deberes del Secretario de la Junta de Directores es:

> "Custodia[r] y ha[cer] disponible para la revisión de los titulares que así lo soliciten, todo documento perteneciente al Consejo que obre en los archivos del condominio, tales como, pero sin limitarse a, documentos relacionados a la actividad fiscal del condominio, las actas de las asambleas del Consejo de Titulares, las actas de las reuniones de la Junta de Directores, y los contratos adjudicados." Artículo 55 de la Ley de Condominios, 31 LPRA sec. 1923. (Énfasis y subrayado nuestro).

Asimismo, la Regla 29 del Reglamento Núm. 9386 establece que la División de Condominios del DACo deberá atender con prioridad y premura las querellas presentadas ante la agencia cuando estas, entre otras cosas, estén relacionadas con la solicitud de documentos a la Junta de Directores. Además, dispone que:

> "Cuando un titular solicite a la Junta de Directores la inspección de documentos relacionados con la administración del condominio tales como: estados de cuenta; estados financieros; presupuestos; contrato de suplidores; actas; minutas de determinaciones de la Junta; planes de desastre y emergencia, y racionamiento; reglamento del condominio; escritura matriz; convocatorias; notificaciones de acuerdos o determinaciones; certificaciones de no deuda, entre otros, y no se le provean los mismos en un término de catorce (14) días, tendrá derecho a presentar una querella bajo esta regla ante el Departamento." Regla 29 del Reglamento Núm. 9386. (Énfasis y subrayado nuestro).

Así pues, la Junta de Directores tiene un deber legal de proveer acceso a todos los titulares que así lo soliciten para que estos puedan inspeccionar y/o revisar los documentos relacionados a la gestión y administración del condominio. (Énfasis nuestro). El cumplimiento con este deber constituye una controversia que cae dentro de la jurisdicción primaria y exclusiva de DACo, toda vez que se trata de una obligación impuesta por la Ley de Condominios y

expresamente reconocida en el Reglamento Núm. 9386 como un asunto susceptible de reclamación administrativa ante la agencia.

Por otro lado, en *Vázquez et al. v. DACo, supra*, el Tribunal Supremo reiteró que corresponde a los tribunales resolver controversias y adjudicar derechos aplicando, en primer lugar, el texto de la ley. Ello responde al principio de que "[c]uando la ley es clara y libre de toda ambigüedad, su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu". *Id.*, citando el Artículo 19 del Código Civil de 2020, 31 LPRA sec. 5341. Así, cuando el legislador se expresa en términos inequívocos, dicho texto es la expresión más fiel de su intención. *Vázquez et al. v. DACo, supra*; *Spyder Media Inc. v. Mun. de San Juan*, 194 DPR 547, 555 (2016).

### III.

A la luz del derecho aplicable, procede evaluar si DACo actuó correctamente al ordenar la entrega de los documentos solicitados por los recurridos. El Artículo 55(f) de la Ley de Condominios, *supra*, y la Regla 29 del Reglamento Núm. 9386 reconocen al titular un derecho a inspeccionar y revisar los documentos administrativos del condominio, así como a presentar una querella cuando dicho acceso no se provea dentro del término reglamentario.

De la *Querella* presentada surge que la solicitud inicial de los querellantes estuvo dirigida a obtener la entrega o envío digital de los documentos. Asimismo, la parte querellada alegó haber permitido la revisión de la información y haber notificado el costo de su reproducción.

En ese sentido, la agencia sí tenía jurisdicción para atender la controversia por tratarse del alegado incumplimiento de un deber impuesto por ley a la Junta de Directores. La decisión de la agencia de que se le provea copia, a costo del recurrido, los documentos solicitados no es irrazonable.

Por consiguiente, procede confirmar la determinación recurrida para disponer que la Junta de Directores deberá poner a disposición de los querellantes la inspección de los documentos solicitados dentro de un término razonable. En cuanto a aquellos documentos que la Junta alegue no obran en sus archivos o nunca existieron, deberá emitir una certificación acreditando su inexistencia o indisponibilidad.

**IV.**

Por los fundamentos que anteceden, se confirma la *Resolución* recurrida.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones